Date signed October 05, 2006



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ISAAC VAN HOOK | : | Case No. 05-15617PM |
| | : | Chapter 13 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| NANCY SPENCER GRIGSBY | : | |
| Standing Chapter 13 Trustee | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-1584PM |
| | : | |
| ISAAC VAN HOOK | : | |
| JARMEL L. FOSTER | : | |
| WILLIAM L. MOSLEY | : | |
| MOS TUN ENTERPRISES, INC. | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This case comes before the court on pretrial of a Complaint filed by the Chapter 13 Trustee to avoid, pursuant to 11 U.S.C. § 549(a), a post-petition transfer of real property by the Debtor together with various counterclaims and crossclaims, as well as on a motion to compel payment of rent filed by the Transferee of the property. The case involves as well questions under MD. REAL PROP. CODE ANN.§§ 7-301--7-321 (2003). This statute is remedial legislation enacted in 2005 to protect homeowners from perceived abuses occurring during the foreclosure process.

Inasmuch as the transactions in question took place after the filing of the bankruptcy case, 11 U.S.C. § 365(d)(2) dealing with assumption of nonresidential leases has no relevance. The

purchaser, Jarmel Foster's motion for the payment of rent is compelling, particularly since the Debtor is occupying the subject property without making either rent or mortgage payments. But the court sees no legal basis for such relief in the current state of affairs, short of an adversary proceeding. The court finds the proposal of the Debtor to pay funds into escrow pending the outcome of the case a reasonable step towards resolution.

The Trustee filed a Motion to Compromise the adversary proceeding as to all Defendants other than the Debtor. The Motion has been properly noticed. It is not established whether this compromise has any impact upon the claim of the Debtor and his spouse under the statute cited above. Part of the dispute involves a question of Maryland law that is shortly more than one year old. There are no appellate decisions applying the Act. In addition, jurisdiction is tenuous over several of the parties. Because of these considerations, the court believes that the most efficient means of dealing with the issues presented is to abstain from the exercise of jurisdiction pursuant to 11 U.S.C. § 1334(c)(1) so that the courts of Maryland would have the opportunity to address the case in the first instance. To facilitate this action, the court would, *sua sponte*, enter an order permitting such an action to proceed in state court free of the constraints of 11 U.S.C. § 362(a). On the other hand, were the Trustee's Motion to Compromise the dispute approved, many of these concerns may evaporate. The court must then examine the case anew.

In consideration of the factors stated above, until the conclusion of the hearing on the Trustee's Motion to Compromise, the court will defer entering any order in this matter, other than the Order scheduling the trial in the adversary proceeding.

cc:
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Mary Park McLean, Esq., 4201 Mitchelville Road, Suite 401, Bowie, MD 20718
Isaac A. VanHook, 5103 Edmonston Road, Hyattsville, MD 20781
Jarmel L. Foster, 44267 Meandering TC #204, Ashburn, VA 20147
William L. Mosley, 106 Beech Street, Fort Washington, MD 20744
MosTun Enterprises, Inc., c/o Debra Tunney, Resident Agent,
    106 Beech Street, Fort Washington, MD 20744
April N. Richardson, Esq., 900 Bestgate Road, Suite 200, Annapolis, MD 21401
Patrick Potter, Esq., Pillsbury Winthrop, 2300 N Street, N.W., Washington DC 20037

**End of Memorandum**